NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0761n.06

No. 14-3234

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 03, 2014
DEBORAH S. HUNT, Clerk

CYNTHIA JETT,                                    )
                                                 )
      Plaintiff-Appellant,                       )
                                                 )    ON APPEAL FROM THE UNITED
v.                                               )    STATES DISTRICT COURT FOR
                                                 )    THE SOUTHERN DISTRICT OF
AMERICAN NATIONAL RED CROSS,                     )    OHIO
                                                 )
      Defendant-Appellee.                        )


BEFORE:  BOGGS and COOK, Circuit Judges; QUIST, District Judge.[*]


PER CURIAM.  Cynthia Jett appeals the district court's grant of summary judgment to the defendant.

Jett filed a complaint against the American National Red Cross, asserting several causes of action related to the termination of her employment as an administrative assistant. Jett alleged that the defendant discriminated against her based on her age, in violation of the Age Discrimination in Employment Act (ADEA) and Kentucky Revised Statutes § 344.040, and interfered with her continued participation in the organization's retirement system, in violation of § 510 of the Employee Retirement Income Security Act (ERISA). The district court granted the defendant's motion for summary judgment and dismissed Jett's complaint.

On appeal, Jett argues that the district court erred by granting summary judgment to the defendant on her ADEA and ERISA claims. We review de novo a district court's grant of

_____

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

summary judgment. *Savage v. Gee*, 665 F.3d 732, 737 (6th Cir. 2012). Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.* In reviewing a motion for summary judgment, we view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.*

Jett first argues that the district court erred by granting summary judgment to the defendant on her ADEA claim. Because Jett does not argue that she presented direct evidence of age discrimination, we review this claim using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 283 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 2359 (2013). Under that framework, once a plaintiff makes a prima facie showing of age discrimination, the defendant must articulate a "legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* If the defendant does so, the burden shifts back to the plaintiff to demonstrate that the proffered reason is pretextual. *Id.* The plaintiff may show pretext by demonstrating that the proffered reason had no basis in fact, was insufficient to motivate the adverse employment action, or was not the actual motivation for the adverse employment action. *Id.* at 285.

The district court properly granted summary judgment to the defendant on Jett's ADEA claim because, assuming that Jett made a prima facie case of age discrimination, she failed to raise a genuine issue of material fact concerning whether the defendant's proffered reasons for terminating her employment were pretextual. The defendant presented business records and other evidence showing that its decision to consolidate Jett's position and the position of another administrative assistant was based on its need to reduce expenses to address its significant financial difficulties. The defendant also presented declarations from management employees, deposition testimony, and Jett's performance appraisal to show that Jett was not hired for the consolidated position because she lacked initiative and had poor technological and interpersonal

skills. In her appellate brief, Jett identifies numerous pieces of evidence, including letters concerning the termination of her employment, comments made by management personnel, and evidence showing that her job performance was satisfactory, that allegedly undermine the defendant's proffered reasons for terminating her employment. But, viewing the evidence in the light most favorable to Jett, no reasonable juror could conclude that the defendant's proffered reasons were merely a pretext for age discrimination. *See Browning v. Dep't of Army*, 436 F.3d 692, 696 (6th Cir. 2006).

Jett also argues that the district court erred by granting summary judgment to the defendant on her ERISA claim. ERISA § 510 prohibits discharging or discriminating against a participant or beneficiary for the purpose of interfering with the attainment of a right under ERISA. *Hamilton v. Starcom Mediavest Grp., Inc.*, 522 F.3d 623, 627 (6th Cir. 2008). Because Jett does not argue that she presented direct evidence to support her claim, we review it using the same burden-shifting framework that applied to her ADEA claim. *See id.* at 628.

The district court properly granted summary judgment to the defendant on Jett's ERISA claim because, assuming that Jett made a prima facie case, she failed to raise a genuine issue of material fact concerning whether the defendant's proffered reasons for terminating her employment were a pretext for interfering with her rights under ERISA. As with her ADEA claim, Jett points to numerous pieces of evidence that allegedly refute the defendant's proffered reasons for terminating her employment. But, viewed in the light most favorable to Jett, the evidence shows that the defendant's ability to discharge the cost of Jett's retirement benefits was merely incidental to the defendant's larger effort to reduce expenses to address its significant financial difficulties. *See Schweitzer v. Teamster Local 100*, 413 F.3d 533, 540 (6th Cir. 2005).

Accordingly, we affirm the district court's judgment.